Utica Insurance Co. *v.* Toledo Insurance Co.

*Same Term, and same Justices*

THE UTICA INSURANCE COMPANY *vs.* THE TOLEDO INSUR-ANCE COMPANY.

A person cannot act as the agent of both parties, in the making of a contract, when he is invested with a discretion by each, and when each is entitled to the benefit of his skill and judgment.

THIS was an action upon a policy of re-insurance on a cargo of ship plank owned by Bidwell, Banta & Co., on board the schooner Davidson, from Port Clinton in the state of Ohio to Buffalo. The cause was tried by a referee, who reported that on the 9th of November, 1851, the plaintiffs, by George W. Clark, their agent at Buffalo, made a verbal contract with Bidwell, Banta & Co., to insure them against loss by dangers of the lakes or fire, to the amount of $1200, on the plank on board the schooner Davidson then at Port Clinton or on the voyage from Port Clinton to Buffalo, until the same should arrive at Buffalo. That the schooner sailed from Port Clinton on the 18th of November, and was wrecked by stress of weather at Put-in-bay Island on Lake Erie, on the 21st of November. That on the 22d of November Clark was also the agent of the defendants, at Buffalo, a corporation created by the laws of Ohio, and having

Utica Insurance Co. *v.* Toledo Insurance Co.

its principal office at Toledo in that state; and on that day the defendant by and through its said agent did, by open policy of that date, reinsure the plaintiffs by and under the name and description of "George W. Clark, agent," against loss or damage, &c. to the amount of $1200, on the same plank. That Clark, in effecting and making said contract of reinsurance acted as the agent of both parties thereto, and that he had no authority so to act or to make said contract, other than that which was and is derivable from his power and authority as agent of the respective parties in their business of insurance, at Buffalo. The referee reported in favor of the plaintiff for $1372.14, upon which a judgment was perfected. And from that judgment the defendant appealed.

*M. H. Throop,* for the plaintiff.

*J. F. Seymour,* for the defendant.

*By the Court,* W. F. ALLEN, J. The question is presented in this action whether a person can act as the agent of both parties in the making of a contract, when he is invested with a discretion by each, and when each is entitled to the benefit of his skill and judgment. Other interesting questions arise in the case, but as this is the one of the most general and practical importance, and if decided adversely to the plaintiffs is decisive of the case, it will be first considered. The general principle that a party cannot act for himself in the same transaction in which he undertakes to act for another is well settled, and the validity of a contract in which he acts and to which he is a party as agent for a third person, and also in his own behalf, does not depend upon the question whether he makes an advantage by the transaction; but the policy of the law, without inquiring whether it is beneficial to the principal, or into the actual good faith of the agent, declares the act void. It is of course optional with the principal, with knowledge of the facts, to ratify the acts of the agent and affirm the contract. The character of agent for one party to a contract and that of a principal, upon the

other part, are incompatible.  His duty as agent requires of him the exercise of his best skill and judgment in obtaining the best terms from the party with whom he is dealing, while as such other party his interest prompts him to the exercise of the same faculties for his own benefit, in hostility to the interests of his principal.  It is a fundamental rule, applicable to both sales and purchases, that an agent employed to sell cannot make himself the purchaser, nor, if employed to purchase, can he be himself the seller.  And the same principle will apply to contracts of every description which an agent may be authorized to make for another and in which discretion may be exercised.  (*Dunlap's Paley on Agency*, 33, 34.  *Story on Agency*, §§ 210, 211. *Church* v. *Marine Ins. Co.*, 1 *Mason*, 341.  *Van Epps* v. *Van Epps*, 9 *Paige*, 241.)  It is quite clear, upon authority as well as upon principle, that Clark, as agent for the defendants, could not have made a valid contract of insurance with himself, upon his own property.  In other words, had Clark been the party in interest assured in the policy upon which this action is brought, instead of agent for the plaintiffs, the policy would have been clearly void.  Is the case varied in principle by the fact that he acted as agent of the assured?  In the one case the contract would be void, because his duties and his interests were incompatible; but in the other his duties to his two principals are entirely incompatible.  No man can faithfully serve two masters. This case will exemplify, as well as any, the propriety of extending the rule which prohibits a party from acting as agent and principal in the same transaction when his duties and his interests may possibly conflict, to the case of an agent for two principals, each of whom rely upon his discretion, skill and fair dealing. The interests of the plaintiffs required Clark as the agent to effect a reinsurance upon the property by reason of the non-arrival of the vessel at the port of destination after the lapse of two weeks from the time of the insurance, at a season of the year when the perils of lake navigation are deemed to increase daily, and when a severe gale had increased very sensibly the peril and risk of loss.  The reasons which in the faithful discharge of his duty to the plaintiff would have induced him to protect their

interests by a reinsurance, should have influenced his conduct as the agent of the defendants, and rendered him cautious in assuming the risk in their behalf; and yet he took it at the same premium which he had exacted as agent for the plaintiff two weeks before and in fair weather, without any reason to fear that a loss might then have happened, as it actually had happened when the contract upon which this action is brought was made. In fixing the terms and rates of insurance it will be readily seen that the duties which he owed to his two principals were in conflict; his duty to each requiring him to make the best terms that he could with the other. I mention the fact not as controlling or influencing the decision, but as a fair exemplification of the propriety of the rule, which I believe is founded upon principle as well as authority, that the agent of one party cannot act as the agent of the other party in the making of a contract. In *Copeland* v. *Mercantile Ins. Co,* (6 *Pick.* 198,) Morton, J. says, " It is a rule of law well settled and founded on the clearest principles of justice and sound policy, that the agent of the seller cannot become the purchaser *or the agent of the purchaser*." Judge Story, in his treatise on agency, § 211, says, "for the like reasons [that is, for the same reasons that forbid an agent of the seller himself to become the buyer] an agent of the seller cannot become the agent of the purchaser in the same transaction." So the American editor of Dunlap's Paley on Agency says, in note (3) to page 33, " so a person who is incapacitated from purchasing on his own account cannot buy as agent for a third person;" and to this he cites *Ex parte Bennett,* (10 *Vesey,* 381,) which appears in principle to be in point. It was there decided that neither the solicitor to a commissioner of bankruptcy nor a commissioner in bankruptcy could purchase under it, either for himself or another. Lord Eldon says, " Upon the circumstances of the sale the just way of putting it is, that Shepherd being a commissioner, could not buy either as principal or *as representing any other person ;* next it may be said, it is clear, Tappendeen being the solicitor could not buy for his own benefit; *next that he could not for a third person, all the same mischief attending the latter case as if he was buying for himself.*" And from the

policy of the law which would vitiate a contract in which one person should act for and represent both contracting parties, and settle and arrange the terms and conditions of the agreement, to uphold such a transaction would be in violation of the universal maxim that in the making of every agreement there must be a concurrence of two or more minds, (*aggregatio mentium,*) which is entirely wanting in this case. So far from there being a meeting of two minds upon the subject of this contract, but one mind has acted, and that rather as umpire between the nominal contracting parties than in any other capacity. Clark, employed by the parties to act as their respective agent, has assumed to act as a middle man between them, a capacity with which he was never invested by them. The cases of *Florence* v. *Adams*, (2 *Robinson's R.* 556,) and *Beal* v. *McKinnan*, (6 *Louis. R.* 407,) are directly in point, and by force of the reasons by which the judgments are sustained would, if other authority was required, be decisive of this case. In both the principle is adjudicated and enforced and sustained by well considered and well reasoned opinions, that the same person cannot be agent of two contracting parties in the same transaction, when their interests are in conflict. The course of reasoning by which the decisions are supported is entirely applicable to this case, and is to my mind unanswerable. The counsel for the plaintiff seeks to bring this case within the principle by which the acts of brokers and auctioneers are regulated. But they act strictly as the agents of but one party, until the terms of the contract are definitively settled, and then for some purposes, as to save the statute of frauds, by signing a memorandum of the contract, they are treated as the agents of both parties. (*Story on Agency,* §§ 27, 28, 31, 107, 108.) Mr. Phillips, in his treatise on insurance, vol. 2, § 1850, (3d ed. p. 531,) lays down this proposition in general terms. " The same person may be agent of both assured and underwriters ;" but in the next paragraph, in the example which he gives of the rule, shows its limit, to wit, that in cases where a person as agent of the assured has agreed with the underwriters upon the terms of the contract, he may then become their agent to deliver the policy to the assured and

receive from him the premium. But it is not alleged that *in making the contract* the same agent may act for both parties in the same transaction. There is no pretence that the acts of the agent in this case have been ratified by the defendant.

The judgment must be reversed, and a new trial granted; costs to abide the event.

[ONONDAGA GENERAL TERM, October 3, 1853. *Gridley, W. F. Allen, Hubbard* and *Pratt,* Justices.] ·