KEEGAN v. WILLIAMS *et ux.*

Vendor and vendee: SPECIFIC PERFORMANCE: PURCHASER WITH NOTICE. Where the vendee accepts the proposition of the vendor for the sale of real estate, and pays thereon a sum to bind the bargain, the contract thereby becomes complete, and the vendor cannot afterward impose new terms or conditions; and upon his refusal to convey, a court of equity will decree a specific performance of the contract against him, and a subsequent purchaser with notice.

*Appeal from Des Moines District Court.*

TUESDAY, JUNE 18.

A BILL for a specific performance, in which the relief asked is denied, and the plaintiff appeals. The necessary facts will be found in the opinion.

*Strong & Smyth* for the appellant.

*J. C. & B. J. Hall* for the appellees.

Lowe, Ch. J. — The testimony clearly establishes the following facts: That the defendants were owners of lots 154, 155, 156 and 157 in Hibernia, near Burlington, that the legal title of these lots was in Elizabeth Williams, the wife of her co-defendant; that they resided in Ottumwa, while the plaintiff lived in Burlington; that in 1864, one Laydon, an agent and friend of plaintiff, wrote to Williams to know if the lots were for sale, and at what price; the reply was that they were, and could be had at $250; Laydon again wrote that the plaintiff, Keegan, would take them at $200, paying $100 down and the balance in $25 installments every two months thereafter till paid. Williams again replied that he would take $210 for the lots — $10 to be sent and paid in advance to bind the contract, and the other payments to be made as stated in Laydon's letter. This

*1. VENDOR AND VENDEE: specific performance: purchaser with notice.*

proposition was accepted by plaintiff, and the $10 sent out, which was received; also a blank deed was sent out, which was filled up in the name of plaintiff as grantee, and signed by Williams and wife, the latter being cognizant of and acquiescing in the trade. Williams at once took the deed to Burlington to carry out the contract as made.

One Pat Bayles was in possession of the lots under Williams and wife, and refused to give possession, unless he should be paid $40 for certain improvements made thereon. Williams wanted Keegan to pay this $40 in addition to the purchase-money. This, Keegan would not do; but, according to the terms of the contract, tendered to Williams $100, and demanded his deed and the possession of the property. Williams refused to carry out the contract, except upon the condition that Keegan would pay the $40 to Bayles; this Keegan was unwilling to do, and Williams sold and conveyed the property to Bayles, who had full notice at the time of the contract of sale to Keegan. In this state of the case the court denied the relief asked, and dismissed plaintiff's bill.

This was error. A specific performance of the contract as made by the parties should have been ordered. The acceptance by Keegan of the proposition of sale made by Williams, and a part performance thereof, at once completed the sale and purchase of the property between them, and it was not competent for Williams afterward to alter the terms or to impose new conditions. Equity requires its execution upon the specific terms specified, and as it was clearly and distinctly understood between them. Bayles now holds the legal title to these lots. He took it with full knowledge of plaintiff's equities. He is made a party defendant to this proceeding. Counsel representing all the defendants ask that in the event a

specific performance is decreed, the purchase-money may be ordered to be paid to Bayles; this order will accordingly be made. And we further order that when the same is tendered and paid, the defendant, Bayles, shall make to the plaintiff a special warranty deed for the property in question, and surrender the possession thereof. The costs of the proceeding to be paid by.the defendants.

Reversed.