## Frank Bird v. John Hall and another.

*Equity jurisprudence: Specific performance: Land contracts.* Where one who had contracted for the purchase of lands has afterwards contracted to sell the same to a third person whom he has put into possession, and his vendor, disregarding his rights, conveyed the lands to such third person when there is still a balance due from the latter, and he is irresponsible, such original purchaser has an equitable right to require of his vendee a conveyance to himself in specific performance of the contract of the original vendor; such a conveyance would simply place the parties where by their contracts they have agreed to place themselves.

*Equity pleading and practice: Remedy at law.* The objection to a bill to require such a conveyance, that so long as it is not shown that the original vendor is irresponsible the complainant has an ample remedy at law, is not sustained; what complainant was deprived of by such action of the defendants was his security for the ultimate payment by his vendee; and he has a right to insist that he be allowed to retain the specific security he contracted for, and that he be not turned over to the contingencies of successive suits at law after his demand has matured; and the remedy in equity is alone adequate to the case.

*Heard October 7.   Decided October 20.*

Appeal in Chancery from Marquette Circuit.

*Parks & Hayden* and *Mitchel & Pratt,* for complainant.

*Ball & Black* and *C. B. Grant,* for defendants.

COOLEY, J.

A short statement of this case, as it is set forth in the bill, is, that Bird contracted to purchase a lot of land of Hall, and has partly paid for it; that he then contracted to sell the same land to McFee, who also paid for it in part and was put in possession, the balance of the purchase price not being yet due; that Hall then, *in disregard* of complainant's rights, has given McFee a conveyance; that McFee is irresponsible, and complainant by this conveyance is deprived of his security for the balance which is to become due to him hereafter from McFee; and the bill prays that McFee be decreed to convey to complainant in specific performance of the contract of Hall, in whose shoes as his assignee he now stands.

It seems clear that a conveyance as prayed by the bill would be strictly equitable, as it would place the parties where they have agreed to place themselves by their contracts. Complainant was entitled to a conveyance from Hall on payment of the balance due him, which he has offered to make, and he was then entitled to hold the title until he is paid in full by McFee. This is conceded by defendants, but they insist that complainant has at law an ample remedy against Hall, if he suffers a loss in consequence of Hall's conveyance to McFee, and that as it is not alleged that Hall is irresponsible, there is no sufficient ground for equitable interference.

What complainant loses by this conveyance is his security for the ultimate payment by McFee. Whether a loss of the security would result in loss of the debt cannot yet be determined, and any present right of action at law against Hall would give him nominal damages only. A right of action against him at a future day, after the personal remedy against McFee had proved ineffectual, might or might not find him in condition to respond, even if it be conceded that at present he is entirely responsible. Complainant cannot justly be compelled to run this risk. These parties cannot be allowed to deprive him of his security and turn him over to the contingencies of successive suits at law after his demand has matured. He has a right to be protected against the suits and the contingencies by having ample and effectual security in his own hands, and the remedy in equity was alone adequate to the case.

The decree must be reversed with costs, and the cause remanded, with directions to the court below to overrule the demurrer and allow the defendant McFee to answer.

The other Justices concurred.