## Henry J. Lovejoy v. Nathan S. Potter.

60 95
107 626
60 95
j153 151

*Land contract—Deed of land and assignment of contract—Payments to assignee, establish virtual substitution and privity between assignee and vendee—Assignee holds title in trust for vendee—On full performance must execute deed with covenants called for in contract—Vendee may enforce specific performance— Assignor not a necessary party, where vendee has accepted assignee in his stead.*

Defendant's grantor sold certain lands to complainant on a contract calling for "a good and sufficient conveyance, in fee simple," on full performance thereof, and complainant took possession thereunder. Afterwards, the grantor conveyed the land to defendant, subject to the contract, by a deed containing all of the covenants called for in said contract, which was assigned by the deed to defendant. Complainant, having paid to defendant most of the purchase price, tendered the balance and demanded a deed, according to the terms of his contract, which the defendant refused to give, but did execute and tender to complainant a deed with covenants only against his own acts, which was refused by complainant, who filed a bill against the assignee to enforce the performance of the contract.

*Held*, that while there is no averment in the bill, that complainant has ever consented to the release of defendant's grantor from its obligation under the contract, and the substitution of defendant in its stead, it does appear, from the bill, that after the assignment of the contract, complainant paid the assignee (defendant) a large amount thereon, which he accepted; and that such payment and acceptance established a virtual substitution and privity between complainant and defendant.

*Held*, further, that defendant became a trustee of the title to the land for the complainant, to be conveyed to him upon the performance of the contract, by a deed containing the usual covenants of warranty.

*Held*, further, that defendant's grantor was not a necessary party to the suit, as the complainant had fully accepted the defendant in its stead, thus establishing contract relations between them.

Appeal from Jackson. (Gridley, J.) Argued January 7, 1886. Decided February 17, 1886.

Bill filed for specific performance of contract assigned to

defendant, to whom land is also conveyed. Complainant appeals. Reversed. The facts are stated in the opinion.

*Grove H. Wolcott*, for complainant:

The only question of importance, raised by the demurrer, is, whether or not the assignee of the vendor, who receives from him a deed of the premises contracted to be conveyed, with the usual covenants, and a special covenant to do and perform all and singular the things to be done by the vendor, in relation to such contract, must convey the land to the vendee by deed with ordinary covenants.

The jurisdiction of the court depends upon the value of the land, or the amount paid by the vendee: *Raymond v. Shawboose*, 34 Mich. 142. The contract calls for a deed with the usual covenants: *Dwight v. Cutler*, 3 Mich. 567; *Allen v. Atkinson*, 21 Mich. 361; *Allen v. Hazen*, 26 Mich. 142; *Gault v. Van Zile*, 37 Mich. 22. An assignee will be decreed to convey the land in the same manner as the vendor: Story Equity Jurisprudence, § 784, 12th ed.; *Converse v. Blumrich*, 14 Mich. 109–118; *Champion v. Brown*, 6 Johns. Ch., 402; *Reed v. Jones*, 8 Wis. 392–421; *Jones v. Lynd*, 7 Paige. 301; *Green v. Finin*, 35 Conn. 178; *Laverty v. Moore*, 33 N. Y. 658.

By the terms of the contract, all of its stipulations are to apply to and bind the heirs, executors, administrators and *assigns* of the parties. In the deed from the vendor, defendant covenants "*to do and perform, all and singular, the things by the said contracts, or either of them, required to be done and performed by the said party of the first part.*" These covenants inure to the benefit of complainant, and are not satisfied by the quit claim deed tendered by defendant.

*Eugene Pringle*, for defendant:

By the deed tendered, complainant would have received an absolute and unincumbered title to the lands contracted for, and the deed, he demands, would have given him nothing more. Either deed, when received, would have been held by him as a part of the real estate, and descended to his heirs or passed to his grantee: *Withy v. Mumford*, 5 Cow. 137. The deed, being part of the inheritance, must be deemed property; hence, a suit regarding it must be subject to the statute requiring the court to "dismiss every suit, concerning property, where the amount in dispute shall not exceed one hundred dollars," save certain excepted matters: How.

Stat. § 6613; *Gamber v. Holben*, 5 Mich. 331; *Bay City Bridge Co v. Van Etten*, 36 Mich. 209; *Backus v. Jeffrey*, 47 Mich. 127. The general rule is, that the bill must show affirmatively that the case made is within the jurisdiction of the court: Daniels Chancery Practice, 360. How. Stat. §§ 5880–1–7, make such interests in lands as were conveyed to defendant, personal estate. Not being in fact, or law, seized of the lands, he could not accompany his grant with livery of seizin, and for the same reason there would be no dower interest in the lands. Hence, complainant could not, in any event, demand a covenant of seizin, or that defendant's wife should join in the conveyance. Such covenant, if made by the original vendor, might perhaps be construed as relating back to time of the sale, by contract, but not if made by the assignee, and if made by him it would be broken the instant it was made. The other covenants, demanded, were against incumbrances and of warranty. Incumbrances may be of many kinds, as a right of way, a right to take timber, or it may be a money charge. While such a covenant is broken, at once, if ever (*Smith v. Lloyd*, 29 Mich. 382), until damage is actually done, the breach is but nominal, (*Griggs v. D. & M. R. R. Co.* 10 Mich. 117–124), and the law of limitations does not apply on account of a nominal breach: *Post v. Campau*, 42 Mich. 90. This latter case would seem to hold, as the true rule, that this covenant is one running with the land, if intended as a protection against a money charge; but otherwise, if the incumbrance be permanent in its nature. It would seem that the holder of the title, by a regular chain of conveyances, could sue on such a covenant under How. Stat. § 7344, which permits the assignee of a chose in action to bring suit, thereon, in his own name. Whatever difficulty there might be at law, there would be none in equity: *D. & M. R. R. v. Griggs*, 12 Mich. 45–50. A covenant of warranty is so intimately bound to the title, that they cannot be severed; and the owner of real estate cannot sever his right of action, under such a covenant, by assigning to one having no interest in the land: *Ely v. Hergesell*, 46 Mich. 325. The title, as the complainant refused to receive it, was accompanied by legal construction with a covenant of warranty, enuring to his sole benefit and that of his heirs and assigns, and this is all he can claim: *Dwight v. Cutler*, 3 Mich. 566; *Allen v. Hazen*, 26 Mich. 141, 142; *Gault v. Van Zile*, 37 Mich. 22. The Car Company has never been released by complainant from its contract obligations, nor has he consented to the substitution of defendant, or paid a consideration for

anything to be done, in the premises, by the defendant. Defendant never agreed to add his personal covenant to those of the Car Company. He is in equity bound to convey to complainant what the Car Company agreed to give, which, by construction, includes with the title the covenant of warranty of the vendor, which he would get by the covenant running with the land. The deed offered discharges defendant's obligations to the Car Company. There was mutuality in the contract between the Car Company and the complainant, and it was bound to give a deed with such covenants as the law requires on the making of the sale, which deed complainant was bound to accept. But, as between complainant and defendant, complainant was not bound to accept the defendant's covenants, and defendant should not be held bound to execute covenants complainant is not bound to receive. There is nothing in the record to show that the Car Company is not willing and ready to execute to complainant all the covenants he can reasonably ask for or demand. No showing is made of any such demand, and the Car Company is not made a party to the bill, hence is not bound by the decree. Had it been made a party, and shown to be in default, the order of the court could only properly have been that it should join the defendant in a deed by which he should convey the title, with warranty against his own acts, and the Car Company make the necessary covenants ; or that defendant should convey to the Car Company and it then execute the proper deed to complainant : *Robb v. Montgomery*, 20 Johns. 15. The bill does not suggest a doubt as to the validity of the title, or question the responsibility of the Car Company. Complainant contracted for a "good and sufficient conveyance." These words have been held to relate only to the form of the deed : *Gazley v. Price*, 16 Johns. 267. So far as these words go, the making of a deed conveying all the title the grantor has, will be a compliance with the contract. If complainant questions the title he is to receive, as vendee, it is for him to point out the defects : *Dwight v. Cutler*, 3 Mich. 566 ; *Allen v. Atkinson*, 21 Mich. 351–361 ; and he has failed to show any such defect, either in the form of the deed offered, or in the title to be conveyed.

MORSE, J. The complainant's bill is for the specfic performance of a written contract, under seal (but without witnesses), made between the complainant and the Central Car & Manufacturing Company, a corporation, for the sale of certain

real estate to the complainant as vendee, the land having been conveyed subject to the contract, and the contract, when about half paid, assigned to the defendant by a deed containing full covenants. The defendant, having tendered a deed containing a covenant against his own acts, for delivery on the payment of the remainder of the purchase price, the complainant refused to receive it, and comes into court to compel the defendant to execute a deed with full covenants. The defendant demurred, and the court below dismissed the bill.

The agreement, or contract for a deed, provided: "And the said party of the first part, on receiving such payment at the time and in the manner above mentioned, shall, at its own proper cost and expense, execute and deliver to the said party of the second part, or to his assigns, a good and sufficient conveyance in fee simple of said described lands, free and clear from and of all liens and incumbrances, except such as may have accrued thereon, subsequent to the date hereof, by or through the acts or negligence of said party of the second part, his heirs or assigns."

The bill shows that, upon the execution of the contract, the complainant paid some money upon it, and went into possession of the lands, which possession he has ever since held.

The Central Car & Manufacturing Company, by its properly executed and delivered deed, conveyed this land to the defendant, subject to complainant's contract, which deed contained all the covenants called for by the contract. After the deed and assignment aforesaid, the complainant paid to defendant all the money due upon the contract, except about $60. On the twentieth day of January, 1885, he tendered to said defendant the balance upon the contract, and demanded a deed according to the terms of the agreement. Defendant prepared and executed a deed of the premises, but the same was not a deed with general covenants of warranty, or a warranty deed of usual form, but a deed, being a release or quitclaim, with covenants only against the acts of said defendant. This deed the complainant refused to accept.

He then, on the thirtieth of the same month, prepared a deed of the premises, containing the usual covenants of warranty, to be signed by defendant and his wife, and presented the same to said Potter for execution, at the same time tendering him one dollar for expenses, and offered him sixty-one dollars, being the amount claimed to be due by the defendant upon the contract. Potter refused to accept the money or execute the deed, declaring that he would make no other than the quitclaim aforesaid.

The controversy, therefore, is whether complainant is entitled to the deed he demands of defendant.

There is no averment in the bill expressly stating that complainant has ever consented to the release of the Car Company from its obligation under the contract, and the substitution of defendant in its stead; but the bill shows that complainant, after the assignment of the contract to the defendant, paid him a large amount upon the contract, which defendant accepted, establishing a virtual substitution and a privity between the parties to this suit.

It has been held in this State that, where a vendor, in a contract like the one under consideration, had conveyed the land to a third person, in possession of the premises under a contract with the vendee in disregard of the rights of the vendee, the vendee had a right to a specific performance of the vendor's contract by such third person holding the title: *Bird v. Hall*, 30 Mich. 374. The original vendor was made a party in that case, because there were no contract relations between the vendee and the vendor's assignee; and so, also, in *Daily v. Litchfield*, 10 Mich. 29. But in this case, it was not necessary to make the Car Company a party, as the complainant had fully accepted the defendant in its stead.

In equity, the corporation in this case was a trustee of the title of these premises, holding the same for the complainant, to be conveyed to him upon the performance upon his part, of the contract. The defendant purchased the premises of the corporation, subject to its contract, and with notice of the complainant's rights. He must therefore be deemed as standing in the shoes of the vendor, and is as much a trustee

for the vendee, the complainant, as was the corporation before its assignment of the contract: *Murray v. Ballou*, 1 Johns. Ch. 566; *Saunders v. Dehew*, 2 Vern. 271; *Laverty v. Moore*, 33 N. Y. 658; *Smoot v. Rea*, 19 Md. 398. The complainant is therefore entitled to a specific performance from the defendant. Taking the conveyance with a full knowledge of complainant's equities, and succeeding to the interest of the vendor in the premises, and having been tendered the full amount of the balance due upon the contract, he must transfer the title to complainant, and transfer it in substantial compliance with the terms of the contract. The complainant has a right to demand and obtain as good a title in every respect as he would have been entitled to receive, had the vendor not parted with it: *Keegan v. Williams*, 22 Iowa, 378; *Smoot v. Rea*, 19 Md. 398; 2 Story Eq. Jur., 6th ed., § 784; *Downing v. Risley*, 15 N. J. Eq. 93.

It seems to us that the demurrer should have been overruled. The complainant was entitled, under his contract, to a deed containing the usual covenants. The covenant against incumbrances and for seizin not running with the land, a quitclaim deed from defendant would not give him the title his contract guaranteed him: Rawle, Cov. 318, 320; *Davenport v. Davenport*, 52 Mich. 587; *Matteson v. Vaughn*, 38 Mich. 373. The defendant has received from the vendor, the Car Company, a warranty deed with full covenants, and the complainant asks from him only the same covenants. There is no good reason why he should not make such a deed. The case set out in complainant's bill is equitable, and the defendant should comply with his demand or make answer, if he has any defense upon the merits.

We cannot agree with the counsel for the defendant that his client became, by the deed and assignment of the Car Company, the trustee of the corporation, in the sense of being a mere agent whose only duty was to pass over to the complainant the deed of the Car Company to him with his own quitclaim, but he became a trustee, in the sense of succeeding to the rights and also the obligations of his vendor and assignor—standing in its place—and bound, by the

Car Company's contract, which became his own, to give to the complainant as good a conveyance in every sense as the corporation must have done, had he not taken its place.

If equity can allow the defendant to substitute his quit-claim deed for the warranty that complainant demands, the record title of these premises, which is the guide of purchasers, will not show the complete and perfect chain of warranties which dispenses with extrinsic evidence, to the buyer, that the title is good. There can be no hurt to the defendant in executing the deed required by complainant, unless there is something wrong in the title; and, if there is, the contract to which he has become a party cannot be fulfilled without such a deed.

The decree of the court below is reversed, and the demurrer of defendant overruled, with costs of both courts to complainant. Defendant will be allowed 20 days in which to answer.

The other Justices concurred.