FREDERICK J. WHEELER et al., as Trustees of Union Free School No. 1 in the Town of Milton, Respondents, v. THE STANDARD OIL COMPANY OF NEW YORK, Appellant.

(Argued October 13, 1933; decided November 21, 1933.)

*Frank H. Deal* for appellant. The plaintiff must sustain the fact by evidence that the alleged agent was duly authorized by the defendant to act for it and in the exercise of that authority did legally waive the right of the defendant to exercise its option of purchase under the terms of the lease. (*Peoples Broadcasting Corp.* v. *Batten Co.*, 231 App. Div. 446; *Patten* v. *Climax Co.*, 40 App. Div. 607; *Edwards* v. *Dooley*, 120 N. Y. 544; *Fullerton* v. *McLaughlin*, 70 Hun, 568; *Brewster* v. *Carnes*, 103 N. Y. 556; *Ritch* v. *Smith*, 82 N. Y. 627; *Bickford* v. *Menier*, 107 N. Y. 490; *Smith* v. *Kidd*, 68 N. Y. 130; *Stilwell* v. *Mutual Life Ins. Co.*, 72 N. Y. 385; *Lord* v. *U. S. Transportation Co.*, 143 App. Div. 437.) The vendee is entitled to compensation, either against the assignee of the vendor, or against the land. (*Muck* v. *Hitchcock*, 149 App. Div. 323; *Elterman* v. *Hyman*, 192 N. Y. 113; *Lovejoy* v.

*Potter*, 60 Mich. 95; *Gibert* v. *Peteler*, 38 N. Y. 165; *Price* v. *Palmer*, 23 Hun, 504; *Occidental Realty Co.* v. *Palmer*, 117 App. Div. 505; 192 N. Y. 588; *Hodge* v. *Sloan*, 107 N. Y. 244; *Tulk* v. *Moxhay*, 2 Phil. 774; *Trustees of Columbia College* v. *Lynch*, 70 N. Y. 440; *R. L. Assn.* v. *Kellogg*, 141 N. Y. 348; *Post* v. *West Shore R. R. Co.*, 123 N. Y. 580.)

*Spencer B. Eddy* for respondents. The trial court could not award damages against the plaintiffs. (*Langel* v. *Betz*, 250 N. Y. 159; *Ballen* v. *Potter*, 251 N. Y. 224; *Smith* v. *Morin Brothers, Inc.*, 233 App. Div. 562; *Mowbray* v. *Dieckman*, 9 App. Div. 120; *Standard Fashion Co.* v. *Siegel-Cooper*, 44 App. Div. 121.) The defendant is estopped from exercising its option as against the plaintiffs. (*Fulton Bank* v. *N. Y. & Sharon Canal Co.*, 4 Paige, 127; *Trustees* v. *Smith*, 118 N. Y. 634; *Rothschild* v. *Title Guaranty & Trust Co.*, 204 N. Y. 458; *Wetherell* v. *Kelly*, 195 App. Div. 227; *Western N. Y. & Penn. R. R. Co.* v. *Rea*, 83 App. Div. 576; *Small* v. *Housman*, 208 N. Y. 115.)

HUBBS, J. The appellant leased a portion of a village lot from Thomas Kerley as trustee and Annie T. Chew, the owners, for a term of five years. The lease contained an option to purchase. The lessee went into possession and erected a gas station and made other improvements on the lot. Thereafter, the respondents, as members of the Board of Education of School District No. 1, purchased the entire village lot, including the land leased to appellant. The premises were purchased by respondents with notice of the terms of appellant's lease and of the option contained therein. The appellant complied with all the terms of the lease and duly exercised its option and in all respects complied with its terms. The respondents refused to comply with the terms of the option and convey the premises to the appellant-lessee.

After the expiration of the term granted by the lease, the respondents commenced this action in ejectment to

obtain possession of the premises covered by the lease. The appellant, in its answer, as a counterclaim, prayed that it be granted a decree for specific performance of the option contained in its lease. The Special Term found as a fact that the respondents purchased the premises with full knowledge of the terms of appellant's lease, and of the option contained therein, and that the appellant as lessee had fully complied with all of the terms of the lease and option. It also found all facts necessary to establish appellant's right to a decree for specific performance of the terms of the option. Although it found all of the facts in appellant's favor, the court declined to grant specific performance.

It decided in effect that although appellant was entitled under the law to a decree of specific performance it would in the exercise of its discretion refuse that relief owing to the peculiar situation, which in its judgment would make such relief inequitable.

It imposed as a condition of exercising its discretion in respondents' favor and refusing the appellant the relief to which it would otherwise be entitled to under the findings that the respondents should pay the appellant such damages as the refusal to grant specific performance caused it and that appellant might retain possession of the leased premises until such time as a referee had computed such damages and the respondents had paid the same. A decree was duly entered in accordance with the decision.

The appellant did not appeal from the judgment, but the respondents appealed to the Appellate Division which reversed the judgment, made new findings, awarded the plaintiff-appellant in that court judgment in ejectment and affirmed the dismissal of the defendant's counterclaim for specific performance.

The decision of the Appellate Division was based upon the ground that a judgment for damages was improperly awarded against the plaintiffs as they had not assumed

the obligation of carrying out the terms of the contract between the lessor and lessee. We believe that the Appellate Division entirely misconceived the decision of the Special Term. Its decision was not to the effect that the plaintiffs were liable to the defendant on contract under the terms of the lease, but that the plaintiffs should pay the damages caused by the court's refusal to grant to the defendant the relief of specific performance to which it would have been entitled under the findings of fact if the court had not exercised its discretion in plaintiff's favor and refused that relief. The Special Term clearly had jurisdiction to award the defendant damages as a condition for refusing it specific performance. One who purchases land and accepts a deed thereof, with full knowledge that a lessee in possession has a right under his lease to purchase the land leased, upon complying with the terms of the lease takes the land subject to the terms of the lease and may be compelled in equity to carry out its terms by conveying the land to the lessee upon his complying with the terms of the contract. One who purchases with notice of equities is bound thereby. (*Lovejoy* v. *Potter*, 60 Mich. 95; *Hodge* v. *Sloan*, 107 N. Y. 244; Story's Eq. Juris. (Vol. 1, 10th ed.) §§ 395 and 396; Real Prop. Law, § 223; Cons. Laws, ch. 50.)

The Special Term had jurisdiction to impress an equitable lien upon the land by decreeing that the lessee might remain in possession until the damages awarded should be paid. (*Occidental Realty Co.* v. *Palmer*, 117 App. Div. 505; affd., 192 N. Y. 588; *Post* v. *West Shore R. R. Co.*, 123 N. Y. 580.)

The fact that the trial court referred to the damages awarded as damages for the breach of the contract does not justify the conclusion that the decision was based upon that ground, as the whole record clearly discloses that the basis of the decision awarding damages was that they were awarded in lieu of specific performance.

We are of the opinion that Best, the alleged agent of

the defendant, did not possess authority to waive the provisions of the lease or estop the defendant from enforcing the option. The findings made by the trial court to that effect were justified by the evidence.

The judgment of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in the Appellate Division and in this court.

POUND, Ch. J., CRANE, LEHMAN, KELLOGG, O'BRIEN and CROUCH, JJ., concur.

Judgment accordingly.