Van Voorhis, J.
(dissenting). The action is for specific performance of an alleged agreement by one of appellant’s grantors to convey the subject real property to plaintiff-respondent. Assuming for argument that it was an enforcible executory agreement between appellant’s grantors and plaintiff-respondent, as the courts have held, it could be binding upon appellant only if he is chargeable with notice thereof. It was not recorded nor could it have been recorded in the office of the County Clerk. Appellant, who paid cash for his deed, is protected by the recording acts unless he had actual notice or some other form of constructive notice than record notice. The undisputed evidence is that he possessed no actual knowledge of this prior agreement nor had he been apprised of any facts sufficient to put him upon inquiry to ascertain whether his grantors were free to transfer the property to him. An action for specific performance cannot be maintained to compel him to convey this land to plaintiff unless he purchased with notice of this agreement (Wheeler v. Standard Oil Co., 263 N. Y. 34, 38).
Judgment has gone against him solely upon the ground that his attorney knew of the agreement at the time when he acted for him in examining the title and closing the transfer. If this attorney had not also been acting for the grantors, who were interested in concealing from appellant that he was buying a lawsuit, the knowledge of appellant’s attorney present in his mind while closing the transfer would be imputed to appellant (McCutcheon v. Dittman, 164 N. Y. 355; Constant v. University of Rochester, 111 N. Y. 604; Cragie v. Hadley, 99 N. Y. 131; Title Guar. & Trust Co. v. Pam, 232 N. Y. 441, 453). Upon the other hand, the law is equally certain that the knowledge of an attorney or other agent, even though it be present in his mind while acting for a client, is not imputed to the client if the attorney or agent is at the same time acting for the benefit and advantage of other persons who are opposed in interest (Benedict v. Arnoux, 154 N. Y. 715; Otsego Aviation *192 Serv. v. Glens Falls Ins. Co., 277 App. Div. 612, 618-620). The reason for this established exception, which dates back at least to New-York Cent. Ins. Co. v. National Protection Ins. Co. (14 N. Y. 85) and Utica Ins. Co. v. Toledo Ins. Co. (17 Barb. 132), is manifestly that the basis on which the principal is charged with knowledge of the agent is that it is presumed that the latter tvill normally communicate the information to his principal in the course of the performance of his duties (Corrigan v. Bobbs-Merrill, 228 N. Y. 58, 69), but such an inference is not indulged where the agent or attorney is already employed by another party having an adverse interest respecting the transaction in question. Here, the same attorney represented appellant’s grantors and appellant in the closing of this real estate transfer. He knew that a contract had already been made for the transfer of this property by the grantors, to plaintiff-respondent at a lower price than appellant had agreed to pay. He even communicated with respondent telling him that in spite of his contract he could not have the property unless he paid what appellant was willing to pay over and above the amount of respondent’s contract price, which respondent refused to do threatening suit. Yet this attorney testified corroborating appellant, that nothing was said to appellant about this commitment to respondent or about respondent’s threat to sue before appellant paid his money for the property. This attorney had first been retained by the grantors before he was employed to act for appellant as purchaser.
These grantors were interested in getting as much money as they could for the property and, when they discovered that they had made a poorer deal with respondent than they could make with appellant, they decided to sell to appellant by concealing the existence of the contract to sell to respondent. The attorney (for sellers and buyer) assisted the sellers in getting appellant to buy in ignorance of the fact that the sellers were already committed to convey to another. Even if the attorney had thought that the agreement to convey to respondent was not a binding contract, he knew from his conversation with respondent that the latter had refused to pay the additional amount and had threatened suit unless the property were conveyed to him at his price. This lawyer chose to allow appellant to remain in ignorance that he was buying a lawsuit, or *193 that he might be compelled by specific performance to convey to respondent as the judgment below directs. It would be hard to discover a clearer case of an attorney’s representing interests which conflicted at the very point where one client was being lulled into security in the interest of the other client. If appellant had known of the existence of this executory agreement under which his grantors are being held to have been obligated to convey to respondent, he would not have purchased the property. No purchaser in his senses would have done that. He would not have paid $4,000 (33%% more than the price which respondent pays) if he had known that he were going to have to go into court to protect his title,, as respondent had threatened to the lawyer, even if it had not been immediately apparent that the case would need to be taken to the Court of Appeals. There cotdd be, it seems to me, no clearer case for the application of the rule of Benedict v. Arnoux (supra) and similar decisions, nor is the reason for the rule likely to be better illustrated or justified than by the facts of this case.
The judgment appealed from should be reversed and the complaint dismissed.
Chief Judge Desmond and Judges Dye and Scileppi concur with Judge Burke ; Judge Van Voorhis dissents in an opinion in which Judges Fuld and Bergan concur.
Judgment affirmed.