NORTHRUP vs. GERMANIA FIRE INSURANCE COMPANY.

*January 7 — February 3; 1880.*

AGENCY: *Inconsistent employments.*

A person employed by the owner of property as a mere watchman or guard thereof, is not by such employment incapacitated to issue a valid policy on the property in behalf of an insurance company of which he is the agent.

APPEAL from the Circuit Court for *Fond du Lac* County. Action on a policy of insurance on certain buildings, and machinery and fixtures therein, in Winneconne. On the trial, the court nonsuited the plaintiff. This appeal is by the plaintiff from the judgment of nonsuit.

*Geo. E. Sutherland,* for appellant, upon the question of agency, argued that it could not be seriously claimed that because an insurance agent had the keys of property left with him, he was incompetent to insure it; that such control of the property was not inconsistent with his duty to the company, but was in fact safer and better for the company; that it is a fact of common notoriety that nearly all real estate agents are also insurance agents, and write policies under like circumstances, and if the rule of the court below were to be adopted and enforced, at least one quarter of the existing insurance would be swept away. Certainly the company itself could issue a valid policy of insurance, though having the property

in charge; and no valid reason can be assigned why its general agent could not do the same. Again, it appears that Edwards made an entire and perfect verbal contract of insurance with plaintiff's son before he received the keys of the house, when this question could not be raised. The written policy, when issued, related back to the verbal one. *Lightbody v. N. A. Ins. Co.*, 23 Wend., 18; *Sanborn v. Fireman's Ins. Co.*, 16 Gray, 448. At any rate, the question of Edwards' agency was for the jury, and not for the court. Wood on Fire Ins., pp. 632, 681; 26 N. Y., 460; 61 Pa. St., 107; *Anson v. Winnesheik Ins. Co.*, 23 Iowa, 84; *Bebee v. Hartford Ins. Co.*, 25 Conn., 51; *Woodbury Savings Bank v. Charter Oak Ins. Co.*, 31 id., 519; *Rowley v. Empire Ins. Co.*, 36 N. Y., 550; *Rathbone v. Ins. Co.*, 31 Conn., 194; *Hough v. City F. Ins. Co.*, 29 id., 10; *Pierce v. Nashua Ins. Co.*, 9 Am., 235; 50 N. H., 297; *Sheldon v. Conn. Mut. Life Ins. Co.*, 25 Conn., 207; *Sprague v. Ins. Co.*, 69 N. Y., 128. Finally, admitting Edwards to have been plaintiff's agent in effecting the insurance, the contract was not void, but only voidable. The defendant company has received the premium, retains the same, and has not offered to return it. It must therefore be held to have affirmed the contract. *New York Central Ins. Co. v. National Protection Ins. Co.*, 20 Barb., 468; *Mershon v. Ins. Co.*, 34 Iowa, 87; *Washoe Tool Co. v. Ins. Co.*, 66 N. Y., 613; *Lycoming Ins. Co. v. Slockbower*, 26 Pa. St., 199; *Powell v. Factor's Ins. Co.*, 28 La. Ann., 19; *Williamsburg, etc., Ins. Co. v. Cary*, 83 Ill., 453.

For the respondent, there was a brief by *Cottrill, Cary & Hanson*, and oral argument by *Mr. Cottrill.* They argued from the testimony, that Edwards, when he issued the policy of insurance, was acting as plaintiff's agent; and that he exceeded his instructions from the defendant company, and plaintiff, his principal, was chargeable with notice of that fact. They further contended that the same person could not be agent for both contracting parties. *Stewart v. Mather*, 32 Wis., 344;

*Farnsworth v. Brunquest*, 36 id., 202; *Meyer v. Hanchett*, 39 id., 419; *Bray v. Morse*, 41 id., 343; *Shirland v. Monitor Iron Works*, 41 id., 162; *Rice v. Wood*, 113 Mass., 133; *Farnsworth v. Hemmer*, 1 Allen, 494; *Walker v. Osgood*, 98 Mass., 348; *Raisin v. Clark*, 41 Md., 158; *Lynch v. Fallon*, 11 R. I., 311; *Scribner v. Collar*, 40 Mich., 375; *Pugsley v. Murray*, 4 E. D. Smith, 245; *Everhart v. Searle*, 71 Pa. St., 256.

LYON, J.   The testimony tended to show that the plaintiff, who resided in Ripon, owned considerable real estate in Winneconne, including the insured property; and that, during several years preceding the time when  such property was burned, he frequently employed one Edwards, a land agent at Winneconne, and also the general agent of the defendant company there, to collect rents and pay taxes on, and to find purchasers of, portions of such real estate.   Edwards was not employed by the plaintiff as his  agent  in respect to such real estate generally, but was employed from time to time to do specific acts in respect to specific property.

From January to about April 1, 1877, a son of the plaintiff was at Winneconne, and during that time had the sole charge of  the insured property, as the agent of his father.   In the latter part of March, the plaintiff directed his son to have Edwards insure the property in the Underwriters' Agency, the same as Edwards had formerly insured it, and to give the key of one of the buildings to Edwards, and have him "take charge of and see to all the property in the building."   The defendant company is a member of the Underwriters' Agency.   Pursuant to the above instructions, plaintiff's son applied  to Edwards to insure the property.   Edwards agreed  to do so, and they arranged that he should retain the premium out of a larger sum in his hands, collected by him for the plaintiff. Edwards stated that he was busy then, but would write the policy the next day, and that in the meantime the property

was insured.   The son then put the property in his charge, and left Winneconne.

Edwards neglected to write the policy until May 7th.   A few hours after he had written it, and mailed his report of the transaction to the proper office, the property was destroyed by fire.

We do not say that the above facts are proved, but only that there is sufficient evidence tending to prove them, to support a special finding that they are true.   The nonsuit was granted on the sole ground that the uncontradicted evidence proved Edwards to have been the agent of the plaintiff when he wrote the policy.   Because he was such agent, the court was of the opinion that he had no authority to write the policy, and hence that the same does not bind the defendant company.

Under the testimony the jury might properly have found that Edwards had no control of the property, except to watch over it and guard it against destruction or injury.   For the purposes of this appeal, we must assume that he had no other power over it.   Unless it can be held, therefore, that the mere watchman or guard of the property of another, who happens, at the same time, to be an insurance agent, is thereby incapacitated to write a valid policy on the property at the request of the owner, this judgment cannot be sustained.   We are aware of no case in which it has been so held — certainly none was cited on the argument; and we are cognizant of no rule of law which incapacitates an insurance agent, thus entrusted with the care of property, to write a valid policy upon it.   Indeed, it was well said in argument, that presumably it is for the interest of the insurance company taking the risk that the insured property be watched and guarded by its own chosen agent.

We conclude, therefore, that the nonsuit cannot be supported on the ground upon which the court granted it.   We are also of the opinion that no other fact fatal to a recovery

on the policy is incontrovertibly proved.    As the action must be again tried, we purposely abstain from commenting upon other questions which were very ably argued by counsel, lest we might inadvertently prejudice one party or the other on the trial.    It is deemed advisable to go no further on this appeal than the present exigencies of the case require us to go, leaving to both parties a clear field for future contest.

*By the Court.* — Judgment reversed, and cause remanded for a new trial.

TAYLOR, J., took no part.