E. BADLEY v. H. T. LADD.

PROCESS. *Execution. Deputy sheriff. Agent of plaintiff.*

> A person is not disqualified to act as deputy sheriff in levying an execution because he is agent for plaintiff in collecting the judgment, and is to receive a commission on the collection. It is error to quash a levy because of such fact.

FROM the circuit court of the second district of Yalobusha county.

HON. EUGENE JOHNSON, Judge.

Appellant, E. Badley, having a claim against one Benson, placed it, for collection, in the hands of A. B. Fly, Jr. The latter, although a licensed attorney, was not at the time actively engaged in the practice of law, but acted as a collecting agent. He caused the claim in question to be sued on before a justice of the peace, and recovered judgment. Some two years afterwards, an execution was issued, and placed in the hands of the sheriff, who appointed Fly his special deputy to execute the writ. In this capacity, Fly levied the execution upon certain cotton, as the property of the defendant, and appellee, Ladd, interposed a claim to the cotton, and an issue was made up thereon, and tried in the justice court. On the trial, Fly, having meantime resumed the practice of law, and paid his privilege tax, appeared as counsel for the plaintiff.

The cause having been appealed to the circuit court, the claimant moved to quash the levy of the execution, because Fly, the special deputy who made the levy, was, at the time, the agent and attorney for plaintiff, and was disqualified to execute the writ. On the hearing of this motion, the facts were shown to be as above stated, and the court quashed the levy, and gave judgment for the claimant. Hence this appeal by the plaintiff.

*W. S. Chapman*, for appellant.

After a careful review of the authorities, I am unable to

find one where the principle contended for by the appellee has been carried as far as it has been in this case. In all cases where a party has been held to be disqualified to serve a writ, he has had absolute title or ownership, not a mere contingent interest or right to possible compensation. The interest of Fly, in this case, was too remote to disqualify him. He did not own the judgment, could not transfer it, or do any act to defeat the plaintiff. The plaintiff himself could not have prevented the sheriff from appointing Fly as special deputy, if he had so wished. Even if Fly were disqualified, the judgment would not be void, and could not be attacked collaterally. *McLeod* v. *Harper*, 43 Miss., 42. In making the levy, Fly was the agent of the sheriff. It is not a case where the sheriff was interested, hence, *Dyson* v. *Baker*, 54 Miss., 24, does not apply. It is not unusual to stimulate constables by a promise of extra commissions. The ruling of the court was extremely technical.

*I. T. Blount*, for appellee.

Fly could no more levy the execution than the plaintiff himself. That the plaintiff could not, see 43 Miss., 42; 54 Miss., 24; 1 Am. & Eng. Enc. L., 950. The fact that Fly had not paid a privilege tax as attorney cannot avail him. He cannot take advantage of his own wrong. His failure to do so cannot secure a right which, had he paid the tax, would have been denied him.

CAMPBELL, C. J., delivered the opinion of the court.

It was error to quash the·levy. Fly was not disqualified to act as deputy of the sheriff because of the fact that he would be entitled to commissions on the collection. The law allows commissions to the officers for collecting money, and surely the right to commissions cannot properly be held a disqualification to act as special deputy. We know of no precedent for such a view, and will not make one.

*Reversed, and remanded for a new trial.*