[Argued July 26; Decided October 2, 1894.]

## BRITISH INSURANCE COMPANY *v.* LAMBERT.

[S. C. 37 Pac. Rep. 909.]

1. ORAL CONTRACT FOR INSURANCE.—Where the terms of insurance are settled between the assured and the agent of an insurance company, acting within the real or apparent scope of his authority, and it is agreed that a policy evidencing the contract shall be issued, to take effect from the date of the agreement, such contract is binding upon the company: *Hardwick* v. *State Insurance Company*, 20 Or. 547, approved and followed.

2. IDEM—AGENT'S AUTHORITY TO REPRESENT BOTH THE INSURER AND THE INSURED.—An oral contract of insurance made by the agent of an insurance company, while acting as agent for the assured, and not assuming to represent the company in the contract, but dealing with its officers having full authority to act, is binding upon the company.*

APPEAL from Multnomah: E. D. SHATTUCK, Judge.

This is an action brought by the North British and Mercantile Fire Insurance Company against its agents, Lambert and Sargent, to recover a sum of money which it is alleged it was compelled to pay in consequence of a loss

* The question of when an insurance agent will be considered as the agent of the insured is considered in an extensive note to the case of *Michigan Pipe Company* v. *Michigan Fire and Marine Insurance Company*, 20 L. R. A. 277. Those who desire to compare the authorities on the subject of oral contracts of insurance will find many of them collected in a note to the Ohio case of *Newark Machine Company* v. *Kenton Insurance Company*, 22 L. R. A. 768.—REPORTER.

under a policy written by them contrary to instructions, and which they neglected to cancel when directed so to do. The facts are that the defendants, having been appointed local agents to solicit business for plaintiff in Portland, Oregon, and write fire insurance policies in plaintiff's name, were furnished a list of prohibited risks, which, among other property, included vinegar factories. In August, eighteen hundred and ninety-one, the defendants wrote a policy in the name of the company, insuring the vinegar factory of the Western Vinegar Company, which was, by order of the plaintiff, canceled, and defendants' attention particularly called to this class of prohibited risks. In the summer of eighteen hundred and ninety-two a general agent of the plaintiff, upon inspecting the books kept by defendants as such agents, found a memorandum therein of the policy written in eighteen hundred and ninety-one upon said vinegar factory, which did not appear to have been canceled, and, believing the property was insured by plaintiff, he examined said factory, and, not having expressly or in any way disapproved of the apparent risk, the defendants were led to believe the company would approve an insurance of the property, and on August eighteenth, eighteen hundred and ninety-two, they wrote a policy of concurrent insurance on said factory in plaintiff's name for the sum of one thousand dollars, to take effect on the twenty-second of that month at twelve o'clock noon, and mailed a report to the plaintiff's general agent at San Francisco, California, containing a memorandum of said policy, which was received on Saturday, the twentieth of said month. Two days thereafter, the general agent wrote the defendants directing them to cancel and return the policy without delay, which order they received on August the twenty-fourth, but did not on that day inform the assured of the plaintiff's intention to cancel the policy, and on that evening between eleven and twelve o'clock the

said factory was destroyed by fire; and proof of the loss having been made, the plaintiff, on October third, eighteen hundred and ninety-two, paid nine hundred and forty-one dollars and sixteen cents, the amount thereof, and brought this action for reimbursement, which resulting in a verdict and judgment for plaintiff the defendants appeal.

REVERSED.

*Mr. Zera Snow* (*Mr. Wallace McCamant* on the brief), for Appellant.

*Mr. Milton W. Smith* (*Mr. Walter S. Perry* of counsel), for Respondent.

Opinion by MR. JUSTICE MOORE.

1.   Numerous assignments of error are made in the notice of appeal, but we shall only consider those which relate to the pleadings.   The defendants, after denying the material allegations of the complaint, in substance alleged that upon receipt of plaintiff's notice to cancel said policy they fully set forth all the facts concerning the risk to another insurance company, which by its officers directed and authorized the defendants, who were also agents of said company, to write a policy upon said vinegar factory for the sum of one thousand dollars, in lieu of plaintiff's policy, and deliver it to the assured, to take effect from twelve o'clock noon of the day when said factory burned; that they represented the assured, and had authority to secure and accept said insurance in lieu of plaintiff's policy; that they proceeded to the writing of said policy, to take effect as agreed upon, but before they had time to exchange it for plaintiff's policy the fire occurred; that they had effected an oral insurance with said other company in lieu of the insurance under plaintiff's policy, and had authority

26 OR.— 26.

from the assured to assent to such oral insurance. These allegations were, upon plaintiff's motion, stricken out, and, as defendants contend, erroneously, while the plaintiff contends that it appeared therefrom that the defendants were the agents of the assured and the insurance company with which the alleged contract of oral insurance was made; that as the agents of both parties they could not make a valid contract, and hence said allegations did not constitute a defense to its action. The rule is well established that if the terms of insurance are settled between the parties, and it is agreed that a policy evidencing the contract shall be issued, to take effect from the date of the agreement, such contract is valid and binding upon an insurance company when made within the real or apparent scope of the agent's authority: *Hardwick* v. *State Insurance Company*, 20 Or. 547, 26 Pac. 840.

2. It remains to be seen whether a person representing the assured can make a valid contract of insurance through an agent of the company of which he is also an agent. No agent will ever be permitted to take upon himself incompatible duties and characters, or to act in any matter where he has an adverse interest or employment (Story on Agency, § 9); nor can any person, without their knowledge and consent, be the agent of both parties to the same transaction: *New York Central Insurance Company* v. *National Protection Insurance Company*, 14 N. Y. 85; *Mercantile Mutual Insurance Company* v. *Hope Insurance Company*, 8 Mo. App. 408; *Utica Insurance Company* v. *Toledo Insurance Company*, 17 Barb. 132. A contract made by an individual as the agent of both parties is not void, but voidable only at the election of either principal, if made within a reasonable time: *Greenwood* v. *Spring*, 54 Barb. 375. There can be no meeting and agreement of the minds of the contracting parties when represented by the same individual without their knowledge and consent, and hence

no contract is effected by the acts of such agent, except by the ratification of both principals after knowledge of all the material facts; but if the agent act for both, with their knowledge and consent, and according to their instructions, the minds of the parties have met and agreed upon the terms of the contract, and it is of binding force from the date of its execution by the agent. Had the defendants confined themselves to the allegation that as agents of the assured and insurance company they made the contract of insurance, without alleging that it had been done with the knowledge and consent of both principals, or that it had been ratified by both after knowledge of all the facts, it might well be considered that the pleading failed to allege a valid contract, but they have alleged that as agents of the assured they made the contract with the officers of the insurance company, and were directed by them to write a policy carrying it into effect, and the question is whether, under such circumstances, they could make a valid contract. There is no arbitrary rule of law prohibiting contracts between a corporation and its agents when such corporation is represented by other agents with whom the contract is made. If the defendants did not assume to represent the insurance company in entering into the contract with it, but dealt with its officers who were independent agents and had authority to act for it, the contract, though oral, is binding upon the insurance company: Morawetz on Private Corporations, § 527.

In *Northrup* v. *Germania Insurance Company*, 48 Wis. 420, 33 Am. Rep. 815, it appeared that one Edwards, the general agent of the defendant company, had been occasionally employed to collect rent, pay taxes on, and find purchasers for, certain portions of plaintiff's real property, and that the key to one of his buildings had been delivered to Edwards, who had been instructed to guard the property, and insure the building in the company he

represented, which he promised to do, but, claiming to be very busy at the time, he stated that the building was insured, and that he would write the policy thereof the next day. This he neglected to do for more than a month, and finally wrote it and mailed the report thereof only a a few hours before the building was destroyed by fire. In an action brought by the plaintiff against the insurance company for the loss under the policy, a nonsuit was granted because Edwards was the agent of the plaintiff when he wrote the policy for the defendant. The court, upon appeal, held that Edwards had no control of the property except to watch over it and guard it against injury or destruction, and that such care of the property, being to the advantage of the insurance company, would not preclude its general agent from writing a policy thereon. In a note to the foregoing case, reported in 19 Am. Law Reg. (N. S.), 291, Marshall D. Ewell collates the rules applicable to double agencies, and says: "The rule that the same individual cannot be the agent of both parties, seems properly to be limited to cases where the agency relates to the same transaction, or involves incompatible duties. And with relation to both of these cases, the knowledge and consent of both parties that the agent should act for both, will remove the objection." The allegation that the contract of insurance was made with independent agents of another company shows that the defendants were not assuming to act as the agents of both parties in relation to the same transaction, nor does it necessarily involve incompatible duties, and hence not within the rule above announced. If the agents with whom it is alleged the oral contract was made had real or apparent authority to enter into it, when consummated it took the place of plaintiff's policy and the defendants had a right to a hearing on that question. It results from this view of the case that the defense pleaded was material,

and hence it was error to strike it from the answer, for which the judgment is reversed and a new trial ordered.

REVERSED.