R. H. WILDBERGER *v.* HARTFORD FIRE INSURANCE CO.

FIRE INSURANCE.    *Policy issued by agent to himself.*

Without ratification by the insurer, a policy issued by its local agent to himself, insuring a stock of goods held by him as receiver, is void.

FROM the chancery court of the second district of Coahoma county.

· HON. W. R. TRIGG, Chancellor.

In January, 1893, one Brenner, a merchant in Clarksdale, was attached by a number of his creditors, and a bill was also filed for the appointment of a receiver, and, by the consent of all the parties in interest, including Brenner, R. H. Wildberger, the appellant, was appointed receiver, and took charge of the assets, consisting of a stock of merchandise.

The order of the court appointing him receiver, required him to take possession of the stock of goods levied on, and manage and conduct the mercantile business in the ordinary way, subject to the orders of the court. The order further directed Brenner to execute to Wildberger, as receiver, an assignment of the property. This was done, and Wildberger entered upon his duties as receiver. Wildberger was at that time, and had been for sometime previous, the local agent at Clarksdale of the Hartford Fire Insurance Company, the appellee, and, as such, he issued to himself, as receiver, a policy of insurance covering the stock of goods so assigned to him by Brenner, and which was in his possession as receiver. As local agent, he was required to send daily reports to the company, and, after issuing the policy, on the same day, he mailed a report thereof to the company. On the next morning the stock of goods so insured was totally destroyed by fire. The daily report was

not received by the company until after the fire, and it promptly repudiated any liability under the policy. An action was thereupon instituted in the circuit court to recover on the policy, and appellee filed the bill in this case, seeking to enjoin the suit and cancel the policy, on the ground, among others, that Wildberger, as agent of the company, had no authority to issue the policy to himself, covering a stock of goods held by him as receiver. The court decreed in favor of complainant, holding the policy void, and from this decree Wildberger appeals.

*Sam C. Cook*, for appellant.

A receiver has no personal estate, interest, title, or possession in the property of which he is custodian. *Thompson* v. *Insurance Co.*, 136 U. S., 287. He is an officer of the court to which he owes his appointment, and does not derive any authority or receive any instruction from the parties to the suit. His appointment puts the property from that time in his custody, as officer of the court, for the benefit of the party ultimately decided to be entitled to it, but does not change the title or even the right of possession. *Smith* v. *McGroarty*, 136 U. S., 237. The acts of Wildberger, as receiver, when sanctioned by the court, are the acts of the court, and not of the receiver or of the parties in interest. When he insured the property, he was acting as the agent of the insurance company, and his contract was binding upon it, but it did not become binding on the receiver until confirmed by the court.

There was no temptation to misrepresent the appellee. It was impossible for the receiver to have been unfair to the receivership, because his acts would surely come into review by the court. There is no legal objection to the same person representing two parties to a contract, if the duties do not conflict. Mechem on Agency, § 67. The insurance company ought to congratulate itself that its own chosen agent was in charge of the risk, with the duty of protecting it from all danger from fire. This afforded the company double security.

It is difficult to imagine how the interest of the parties are adverse. See *Northrup* v. *Insurance Co.*, 48 Wis., 420. The policy was not voidable at the option of the insurer unless the insured had the same option. There must be a mutuality of right. It is certain that the real beneficiary in the policy did not have the right to reject the contract made by the receiver. The contract was binding upon the insurer the moment Wildberger countersigned it, and a beneficial interest in the policy vested in whomsoever the court should decide was entitled to it. .This interest cannot be defeated except by cancellation of the policy in strict accordance with its terms. May on Insurance, § 67.

*Mayes & Harris*, on the same side.

*Miller, Smith & Hirsh*, for appellee.

A contract the making of which requires the exercise of discretion, when made by one acting for both parties, is voidable on the application of either. 14 N. Y. (App.), 514. It is not necessary to prove actual fraud. The doctrine is founded on the rule that no man can serve two masters. There is a manifest inconsistency in one's attempting to negotiate for the insured and the insurance company. 6 Pick., 198; Story on Agency, § 211; Pailey on Agency, § 33; 10 Ves., 381. It is not necessary to go to.the length of saying there was no contract made. It is. enough, in the present case, to hold that it is voidable upon principles of equity. 17 Barb., 132; 19 *Ib.*, 595; May on Insurance (3d Ed.), § 137; Berryman's Digest, 1267; 8 Mo. App., 408; 56 Conn., 1, s. c. 7 Am. St. R., 272; 20 *Ib.*, 931. See, also, *Insurance Co.* v. *Myers*, 55 Miss., 479. The facts in *Northrup* v. *Insurance Co.*, 48 Wis., 420, make it inapplicable here. The same may be said of *Thompson* v. *Insurance Co.*, 136 U. S. A principle of law, based upon morality, experience and common sense ought not to be overthrown by subtlety of argument or refinement of construction.

Argued orally by *E. Mayes*, for appellant, and *J. Hirsh*, for appellee.

WHITFIELD, J., delivered the opinion of the court.

The cases mainly relied on by counsel for appellant are *Thompson* v. *Insurance Co.*, 136 U. S., 287, and *Northrup* v. *Insurance Co.*, 33 Am. R., 815, s. c. 48 Wis., 420.   The former is wholly inapplicable.   Kearney never was the agent of the insurance company, nor was Thompson.   But Kearney, being receiver, was approached by the agent of the insurance company, and solicited to insure the trust property, which he did, and paid the premium out of the trust funds, prior to any order directing him to do so, and the company, when sued, set up, as one defense, that he had no authority so to use the trust funds in paying the premium before such order, and that the contract was void as to the company on that ground, which defense was, of course, scouted.   The cases are utterly unlike. The court held that the title of property in a receiver's hands is in its owner, and the possession is the possession of the court; but these matters are aside from the real point under discussion.   In the other case, the owner of the property insured sent his sons to the insurance agent, Edwards, to get insurance, and after it was gotten, put the insurance agent in charge to guard and watch it, and without compensation, so far as appears.   The insurance agent was not the general agent of the owner of the property.   That this case is understood to hold that the guarding the property was a collateral matter, aside from the insurance, is shown by what Mr. Biddle says about this case in § 497, vol. 1, of his work on Insurance, when he observes: "Of course a mere employment by the other party, in another matter, would not be material."   The opinion in the case confines it strictly within its own limits, and cites no authorities.

We have examined all the authorities cited in note 1, p. 380–1, of vol. 1 of Am. & Eng. Enc. of Law, and find them to be cases

where a "middle man" receives commissions from both parties merely for bringing them together.    He was not the agent of either party in the contract made by and between them after they met.    Of this class of cases, Dixon, C. J., is quoted in *Barry* v. *Schmidt*, 57 Wis., 174 (15 N. W., 24), as saying: "A broker, whose undertaking is merely to find a purchaser at a price fixed by the seller, or at a price which shall be satisfactory to the seller when he and the purchaser meet, is in reality only a 'middle man,' whose duty is performed when the buyer and seller are brought together, and as to whom the policy of the law which excludes double compensation has been considered inapplicable."    But where the agent of the seller is the agent of the buyer in the sale itself, a different principle obtains, as is clearly shown in *Rupp* v. *Sampson*, 16 Gray (Mass.), 398. The true doctrine governing here is thus expressed in an elaborate note at page 281, 7 Am. St. R. (Potter's Appeal [Conn.], 12 Atl., 513): "Therefore it is an undisputed rule of law that unless, with the free and intelligent consent of his principal, given after full knowledge of all the facts and circumstances, the agent cannot, in the same transaction, act for both principal and the adverse party."    This is the principle which must control here.    The receiver here, of his own motion, issued these policies to himself, as receiver, acting in their issuance as the agent of the companies.    The companies knew nothing of it till after the property was destroyed.    A receiver is not an agent. The very term, receiver, negatives such an idea.    He is an indifferent person, holding the property for the parties ultimately entitled.    But he receives a commission as receiver, which gives him a direct, personal, pecuniary interest.    As agent of the insurance company, it is his duty to look with the clearest and most critical eye to the risk, moral and physical.    As a receiver, it is his personal interest to keep in existence the property in his custody, so as to increase his commissions by the increased labor bestowed upon the property.    Besides, it is to be noted in this case that an assignment was executed to Wildberger, as

assignee, and he therefore had the legal title and possession for the purposes of the trust, under the assignment, in addition to the possession which he had as receiver, which last is really the possession of the court.

Counsel on neither side have furnished us with an identical case, and we have been unable to find one. It may very well be that the general principle set forth in Mechem on Agency, secs. 66–68, so manifestly covers the case at bar that it has not been seriously questioned. It was very pertinently observed by Sir W. M. James, L. J., in *Panama & S. P. Tel. Co.* v. *India Rubber, etc., Co.*, L. R., 10 Ch. App., 515 (14 Moak's Eng. R., 759): "The clearer a thing is, the more difficult it is to find any express authority or any dictum exactly to the point."

We are clearly of opinion that an insurance agent who has been appointed receiver of property, cannot, of his own motion, without the consent of his principal, issue, as such agent, to himself, as such receiver, a policy of insurance valid against such principal, because the duties of the two positions are inconsistent, and he does have a direct, personal interest, to the extent at least of his commissions. "A contrivance," it has been pithily put, "which reduces the two parties to one, and admits an agent representing antagonistic interests to make a bargain by himself, is so far against the policy of the law that the contract is held to be void, unless the principal chooses afterwards, and with a knowledge of all the circumstances that affect his position, to ratify the act of his agent." *Mercantile, etc., Insurance Co.* v. *Hope Insurance Co.*, 8 Mo. App., 411, cited 7 Am. St. R., 281, note. The two parties principal here are the insurance company and Wildberger—acting for himself. And it may with equal force be said that the same human being—subject to the temptations springing from that self-interest which leaves the balance so "rarely right adjusted" in the best of men—cannot, by some magical process, separate himself into two wholly distinct characters, and, in one character as agent of an insurance company, contract

with himself, in another character, as receiver, or otherwise, having always a personal interest in the contract adverse to his principal. It would require a faculty for judicial analysis which could

> . . . sever and divide
> A hair twixt north and northwest side—

a casuistry too refined and sublimated for the practical affairs of business life, to find in a doctrine that would uphold such a contract, a rule of action safe for common sense dealing. "No man can serve two masters."

The decree in each case is, therefore, *Affirmed.*

COOPER, C. J., specially concurring.

I concur in the result announced in this cause, for the reason that, in my opinion, Wildberger, as agent of the insurance company, could not contract with himself as receiver unless the contract should be approved by his principal, with full knowledge of all the facts. In the opinion of my brother, Whitfield, I think too much prominence is given to the fact that Wildberger, as receiver, was entitled to commissions on the property administered by him as receiver. That fact is not, in my opinion, influential. *Badley* v. *Ladd*, 70 Miss., 688. If the receiver was not entitled to any commissions, the same rule of disqualification to make the contract would control. The opposing interests represented by him, the adverse duties he owed under the circumstances, in my opinion, precluded him from making the insurance contract sued on, without regard to whether he was or was not entitled to compensation as receiver.