Thomson, J.,
delivered the opinion of the court.
Action on policy of insurance against loss by fire. Judgment for plaintiff, from which defendant appeals. The answer of appellant (defendant below) contained four defenses. By the first it denied that it ever insured the plaintiff. By the fourth it denied that the plaintiff had complied with the conditions and requirements of the policy. The second is as follows:
“ And further answering, defendant says that the policy of insurance of defendant company alleged to have been issued to the plaintiff was not a valid contract of insurance, because of the following facts, to wit: That said policy was issued by the firm of Schwanbeck & Wile, local agents of defendant, and at the town of Creede, in the state of Colorado. And, upon information and belief, defendant says that at the time said policy was so issued the said Schwanbeck & Wile were duly authorized general agents of the plaintiff herein in respect to the property sought to be so insured, with general charge and supervision thereof, and duly authorized in the premises, and charged, among other things, with the duty and authority to have said property insured, and to deal fully with respect to the insurance thereon; that said Schwanbeck & Wile, then and there assuming to act in the double relation and capacity of agent for the plaintiff and as agent for the defendant in the same transaction, wrote said policy of insurance ; that thereafter, and at all times prior to the 18th day of May, 1892, said policy remained in the possession of said Schwanbeck & Wile ; that on or about the 13th day of May, 1892, the defendant, then and there believing that said policy had been duly and properly issued, and believing that *27 the same was then in full force and effect, caused said policy to be cancelled in accordance with the terms and conditions thereof, and long prior to the destruction of said property, viz., on or about the 18th day of May, as aforesaid, the policy was duly surrendered and returned to defendant; that not until after the alleged destruction of said property did defendant have knowledge of the fact that said Schwanbeck & Wile were the agents of the plaintiff herein.”
To this defense a demurrer was sustained for insufficiency. We think the court erred in sustaining the demurrer. It is distinctly stated in this answer that in effecting the insurance Schwanbeck & Wile were the agents of both parties to the transaction. They were the local agents of the defendant at Creede, and authorized to act in its behalf; they were also the general agents of the plaintiff, fully empowered to act for him in procuring insurance upon his property; and in pursuance of their authority to procure insurance for him, and of their authority to write policies for the defendant, this policy was written. They therefore, as agents of the plaintiff, contracted with themselves as agents of the defendant, for the insurance which is the subject of this action. If the averments of this answer are true — and the demurrer admits that they are — they constitute a complete defense. The views of contracting parties are supposed to be in conflict. During the negotiation the interest of each is uppermost in his own mind, and his efforts are directed to securing a recognition of that interest. If he acts by agent, he is entitled to the exclusive services of the agent in the transaction, and to the full benefit of the agent’s judgment and ability in making terms with the other party. It is manifest that where the same person assumes to act for both parties to a bargain he takes upon himself, duties which are incompatible. If he is honest, leaving out of consideration any unconscious bias which might incline him toward one or the other side, the utmost that can be expected of him is impartiality; but impartiality is exactly the qualification which is inconsistent with agency. The agent is chosen to represent the interest *28 of his principal against the hostile interest which he is to meet. He cannot discharge his duty and be impartial. It is therefore impossible for a person acting in the same transaction for two opposing parties to perform his duty to both ; and a contract made by him in this double capacity may be avoided by either party, unless it was so made by his express authority, or unless, with full knowledge of the facts, he after-wards ratified it. And it is not necessary for the purpose of avoiding it that the contract should be tainted with fraud, or be disadvantageous to the complaining party. His right to repudiate it grows out of the nature of the transaction itself, and is not connected with any question of fraud, or of benefit or detriment which might accrue from it to him. N. Y. Cent. Ins. Co. v. Nat. Prot. Ins. Co., 14 N. Y. 85; Utica Ins. Co. v. Toledo Ins. Co., 17 Barb. 132; M. M. Ins. Co. v. Hope Ins. Co., 8 Mo. App. 408; Lee v. Smith, 84 Mo. 304; 1 May on Insurance, sec. 125; Mechem on Agency, sec. 67.
The following is the third defense:
“ For further answer, defendant says that said policy contained the following condition and stipulation, viz.:
“ ‘ This policy shall be cancelled at any time at the request of the assured; or by the company, by giving five days’ notice of such cancellation. If this policy shall be cancelled as hereinbefore provided, or become void or cease, the premium having been actually paid, the unearned portion shall be returned on surrender of this policy or last renewal, this company retaining the customary short rate; except that when this policy is cancelled by this company by giving notice, it shall, retain only thejpro rata premium.’
“ That in accordance with the condition of said policy, and more than five days prior to said fire, to wit, on or about the 13th day of May, 1892, the defendant gave due notice to plaintiff of the cancellation of the said policy, and returned to the plaintiff the pro rata premium for the unexpired term of said policy; that on or about the 18th day of May, 1892, the plaintiff delivered and surrendered said cancelled policy to the defendant.”
*29 The plaintiff replied, denying the allegations concerning the cancellation of the policy. The cause was then submitted to the court upon an- agreed statement of facts, of-which the following is the substance: The plaintiff having contracted for the erection of the building which was the subject of the insurance, it was constructed by the contractor under the supervision of Schwanbeck & Wile, who were real estate agents, and the cost of the building was paid through them. After its completion Schwanbeck & Wile were employed by the plaintiff as his agents to lease it to tenants and collect the rents, and they remained such agents until its destruction by fire. Prior to its completion the plaintiff directed Schwanbeck & Wile to cause it to be insured against loss by fire as soon as it should be completed, but upon being informed by them that they were themselves insurance agents, he authorized them to insure it in companies which they represented, without designating the companies or specifying the amount of insurance desired. When the building was completed Schwanbeck & Wile did not insure it in any of the companies then represented by them, but, a short time afterwards, having been appointed local agents at Creede of the defendant company, they insured it with the defendant, and issued the policy in suit, whereby the defendant, in consideration of a premium of $50.00, agreed to insure the plaintiff against loss or damage by fire to the building to the amount of $500 for the. period of one year. . The premium was paid by Schwanbeck & Wile out of rents collected by them as plaintiff’s agents. The premium rate was determined by the Underwriters’ Union, of which the defendant was a member. The policy contained the condition and stipulation concerning cancellation which is set forth in the answer. The policy, after it was issued, remained in the. possession of Schwanbeck & Wile, and was never actually delivered to the plaintiff. About two months after the issuance of the policy, H. T. Lamey, the general agent and manager of the defendant for Colorado, having his headquarters in Denver, sent a communication to Schwanbeck & Wile, *30 informing them that instructions had been received from the home office to close the Creede agency, and cancel all outstanding insurance; and directing them at once to issue the five dajrs’ notice of cancellation to the persons insured required by the terms of the policy, so that all existing risks might be cancelled. He also forwarded to them the unearned portions of the premiums which had been paid. The communication and the money were duly received by Schwanbeck & Wile, who thereupon indorsed the policy in controversy “ Cancelled,” and caused it to be returned to Lamey, who then stamped it “ Cancelled,” and transmitted it to the home office. No notice of this proceeding was ever given to the plaintiff. The plaintiff never received the return premium, nor was he credited with it upon any account or statement rendered to him by Schwanbeck & Wile. They claimed to have held it for the purpose of obtaining other insurance in place of that alleged to have been cancelled, but no other insurance was ever procured. The premises were afterwards totally destroyed by fire. The plaintiff did not know until after the fire that his building was insured with the defendant, or that any attempt at cancellation of the policy had been made. The relations existing between the plaintiff and Schwanbeck & Wile were unknown to the defendant or its general agent. After the fire, the plaintiff, learning that his property had been insured with the defendant, made due proof of loss, but the defendant refused to recognize the policy as being in force, or to pay any portion of the loss. It was stipulated that the facts admitted should be considered only as they might be legally relevant to the issues as they stood, the third defense being out of the case.
The denial by the defendant that it ever insured the plaintiff amounts, at most, to a denial of the execution of the policy, and is not sufficient in itself to admit proof of facts or circumstances which would give the defendant the right to avoid the policy after it was executed. Therefore, the only question for consideration is whether the facts stated amount to a cancellation of the policy. It is contended in behalf of *31 the defendant that in the insurance transaction Schwanbeck & Wile were the agents of the plaintiff, and that, therefore, notice to them was notice to the plaintiff. The general doctrine that the knowledge of an agent pertaining to business which he is authorized to transact, obtained while he is engaged in its transaction, or while his authority in relation to it exists, is the knowledge o£ the principal, cannot be questioned. However, peculiar conditions may exist to which it would not apply. The first question here is, do the agreed facts bring Schwanbeck & Wile, in their relation to the plaintiff, within the rule as stated ? And, second, if so, how is the application of the rule affected by the relations which they at the same time sustained to the defendant?
I. The statement shows that Schwanbeck & Wile at first acted for the plaintiff in overlooking the construction of his building, and that afterwards, upon its completion, they were employed by him to lease it and collect the rents. They thus became the plaintiff’s agents, but only for certain specified purposes; and outside of this defined authority they were not, by virtue of such employment, his representatives. Without further power thejr could do no act in relation to insurance by which he would be bound. But while the building was in process of construction he directed ■ them to have it insured as soon as it reached completion. If they had acted upon his order, they would have done so as his agents. But the authority given was limited to the procuring of insurance. By its terms it extended no further, and upon causing the building to be insured, their authority would have been exhausted, and their agency in that particular at an end, so that no subsequent notice to them in relation to the insurance would have bound the plaintiff, or affected him in the slightest degree. See Grace v. Cent. Ins. Co., 109 U. S. 278. But this instruction was not carried out. After it was given, they informed him that they were insurance agents, representing insurance companies, and he then instructed them to insure the building in their own companies. In conformity with this last direction, they placed the insurance,' which is *32 the subject of this suit, in the defendant company, as its agents. Instead of procuring insurance from the outside upon the plaintiffs building, they insured it themselves. Now, in what degree did this last order constitute them his agents in the insurance transaction? It seems to us to amount to nothing more than an application to them, as insurance agents, for insurance upon his property. If he had directed a firm of agents with whom he had no business connection to insure his building in one of their companies, and they had complied with his instruction, he would, of course, be bound by their act, because he had authorized it, but it can hardly be said that' he would thereby have constituted them his agents, any more than he would have made the company his agent if he had gone to the home office and left the same order there. ■ And, disembarrassing this case of an agency which did in fact exist, but which did not in any manner concern insurance, or involve Schwanbeck & Wile in any obligation inconsistent with their duty to the defendant, we are unable to discover anything in the plaintiff’s direction more than an informal application for insurance, in conforming to which they acted solely as the defendant’s agents. It is true that the plaintiff did not specify the amount of insurance which he desired, nor designate the companies in which it should be placed; but we do not understand how these facts can affect the situation. Being without instruction as to amount, they must have exercised their own discretion in fixing it, and, there being nothing in the record from which a contrary inference can be drawn, it is conclusively presumed that they exercised that discretion in the interest of their company, and as its agent. In applying to them as insurance agents, it does not matter that he did not name any company, or that he did not even know its name; it was through them as agents that the insurance was sought, and when, in pursuance of the application, they issued the policy in suit, the act which they performed was the act of the defendant. Neither can any valid argument be based upon the retention of the policy by Schwanbeck & Wile. If they had been bis *33 general agents in matters of insurance; effecting new insurance and procuring renewals in their.discretion, and having the custody of his. insurance papers, .a different case would be presented; but no such relationship existed. They owed the same duty to him that they owed to any other applicant. When the policy was executed and the premium paid, the contract was completed, the policj1- belonged to him, he was entitled to it upon demand, and the law regards it as having been delivered. 1 May on Insurance, sec. 60. The payment of the premium out of money in their hands belonging to him is equally without significance. It is the fact and not the mode of payment which is material. 2 May on Insurance, sec. 345, 345a.
Upon a careful examination of the récord and the briefs of counsel, we are forced to the conclusion.that Schwanbeck & Wile were not the agents of the plaintiff so as to render service upon them, after the policy was executed, of any notice to which he was entitled, effective for any purpose.
II. But if we concede the contention of counsel that Schwanbeck & Wile were the agents of the plaintiff, and continued to represent him until the alleged cancellation, we do not see wherein the defendant’s case is in the least strengthened. They were the agents of the defendant. If they were also the agents of the plaintiff, they were acting in the double capacity of agents for both parties ; and the same objection exists to every act done by them in that double capacity. If they could not make á valid contract with themselves, they could not make a valid service of. notice 'upon themselves. They were instructed, as agents of the defendant, to give the proper notice, and if they issued .the notice as the defendant’s agents, and served it upon themselves as the plaintiff’s agents, the act was void. The 'same reasons that would invalidate the contract of insurance would invalidate'' the notice. Ins. Co.'s v. Raden, 87 Ala. 311. It -is our-opinion that there was no cancellation of the policy. ■
. The agreed' statement was made solely with reference fio the pleadings as they stood after the demurrer was sustained.! *34 What evidence would have been brought forward by the defendant in support of its third answer, if that had been suffered to stand, of course we do not know; but having charged that its agents were also the agents of the insured, the defendant was entitled to a trial upon the question thus presented; and, because of the error in sustaining the demurrer, the judgment will be reversed and remanded, with leave to the plaintiff to reply to the rejected answer.

Reversed.