Spear, J.
That the agreed premium had not all been paid, nor any part of it directly to the North British Company, and that the North British policy was not delivered to Johnson before the fire, are believed not to stand in the way of a recovery, for neither was a condition precedent to the taking effect of the policy. British Ins. Co. v. Lambert, 26 Ore., 199; Machine Co. v. Insurance Co., 50 Ohio St., 549.
But one of the defenses interposed, and the one specially insisted upon, is that the plaintiff at the time of writing the policy in suit and at the time of the fire, had insurance on the same identical property, for the same identical amount as specified in the policy in suit, in violation of the contract respecting other insurance, and that if the policy sued on be otherwise valid, it is rendered void by reason of the facts here stated.
This proposition is met by the plaintiff with a denial that there had been any violation of the terms of the policy sued upon because the policy in the Hartford company had been canceled prior to the issuing of the North British policy. That the Hartford company endeavored to obtain a cancellation of its policy admits of no denial, and the question is whether or not that effort was effectual. It is contended by plaintiff that it was: 1. Because under the contract between Chappell and Johnson, he became the agent of Johnson for the purpose of keeping the property insured for three years in a good company, which gave him authority to do whatever was necessary to secure that object, and the cancellation of one policy (the *14 company refusing to carry it) and the writing of another were necessary acts in the performance of that duty, and hence the act of Chappell in that behalf was in law the act of Johnson. 2. And if this be not so, yet when Johnson, being apprised of all the facts, elected to claim under the North British policy, that was an election to treat the Hartford policy as rescinded and of no effect; that it was, in other words, a ratification of the act of Chappell in canceling the Hartford policy.
1. Agency of Chappell. It is not doubted that the legal effect of the transaction was to make Chappell the agent of Johnson to procure for him a policy of insurance on his property for three years in a good company. This office he might properly undertake to perform, inasmuch as its performance did not conflict with his duties to the companies which he represented. He could not serve two masters whose interests were incompatible, but he could properly serve both parties so long as the duties were consistent. British Ins. Co. v. Lambert, supra; Northrup v. Insurance Co., 48 Wis., 420; Insurance Co. v. Hartwell, 123 Ind., 177; Schauer v. Insurance Co., 88 Wis., 561. Hence he might be regarded as the agent of Johnson in procuring a policy in any of the companies he represented, and the authority might be held to go further than this if warranted by the facts. Indeed it has been so often held that an insurance agency, representing several companies, with authority to act on applications and issue policies, as well as to cancel the same in proper cases, may also act as the agent of the insured in waiving notice of cancellation, and in accomplishing the delivery of a new policy when substituted for the one canceled, that the proposition may be regarded as settled law. And *15 it has .been also held that “such agency may be established by a long course of conduct and uninterrupted custom, without express authority being conferred either in writing or by parol.” Hamm Realty Co. v. Insurance Co., 80 Minn., 139; Schauer v. Insurance Co. supra. But the disputed question in the case at bar is, do the facts justify the conclusion that authority to accept notice of cancellation for Johnson was given? Certainly it is not to be inferred from any long course of dealing, for it does not appear that the parties had between them but the one transaction. Nor do the facts found disclose any actual intention to clothe Chappell with power to act for Johnson beyond the procuring of the policy. It does not appear that the minds of the parties, or either of them, was directed to that matter. Not a word was said on the subject. Indeed the conduct of Chappell would imply that he did not, at the time, suppose that he had authority to act for Johnson in the matter of cancellation. The distinct finding is that, on receiving direction to cancel the Hartford policy he “went to Johnson’s to take it up and cancel it,” but did not get. the policy, Johnson being absent, and then wrote the company that “he had been to Johnson’s home to' get their policy and cancel it but Johnson was not at home,” etc. If he had understood that he had authority to waive the five days’ notice for Johnson and consent to the cancellation, it is hardly probable that he would have delayed acting upon it for eight days (from the 20th to the 28th), or would have then informed the company of his failure to see Johnson and procure the policy, or would have neglected to inform it of his act in writing a cancellation on his policy ledger. The meat of the question then is whether the agency of Chappel to procure *16 insurance for Johnson is presumed to continue for the purpose of canceling the policy procured by him, or receiving notice of such cancellation? We think that, both on reason and authority, the question must be answered in the negative. An agent to procure a contract has no power to discharge it implied from the original authority merely, for authority to make a contract can not be held to imply authority to destroy it. And the rule is well established that where one is specially employed to procure insurance on certain property the agency terminates with the procurement of the policy. See, among many authorities, the following: Grace v. Insurance Co., 109 U. S., 278; Kehler v. Insurance Co., 23 Fed. Rep., 709; Insurance Co. v. Sammons, 110 Ill., 166; Assurance Soc. v. Insurance Co., 84 Va., 116; Insurance Co. v. Will, 114 Pa. St., 248; Broadwater v. Lyon Ins. Co., 34 Minn., 465; Quong Tue Sing v. Assur. Corp., 86 Cal., 566; Von Wein v. Insurance Co., 52 N. Y. Sup. Ct., 490; Rothschild v. Insurance Co., 74 Mo., 41; Stillwell v. Insurance Co., 72 N. Y., 385; Hermann v. Insurance Co., 100 N. Y., 411; Body v. Insurance Co., 63 Wis., 157; Lumber Co. v. Insurance Co., 95 Wis., 542.
Attention is called by counsel for plaintiff in error to the unreported case of Germania Fire Ins. Co. v. Shoemaker, 1 O. S. C. D., 48, error to the circuit court of Hancock county, decided by this court October 29, 1889, adversely to the company. In that case the owner applied to the agent for two policies, leaving it to the latter to select the companies. He selected the German and the Kenton, but expressed doubt whether the latter would accept, and it was then arranged between them that the policies should be written in the two companies, but if the Kenton *17 should refuse, then that policy should be canceled and an equally good one should be substituted; and the two policies were then written and delivered. The Kenton, on' being notified, did refuse, and that policy was thereupon canceled, and a policy written in the Germania, also represented by the agent. The agent thereupon mailed a postal card to the insured advising of the cancellation and of the writing of the Germania policy, which card was received by the latter before the fire. It is entirely clear that this decision cannot aid the counsel’s contention.
The provision of the Hartford policy respecting cancellation required five days’ notice to the insured, which notice was not given. Unless the act of Chappell, in writing a cancellation on his policy ledger binds Johnson, it is difficult to see why. the Hartford policy did not continue in force until the fire. '
2. Did the election of Johnson to sue on the North British policy have the effect to ratify the act of Chappell in entering a cancellation of the Hartford policy on his policy ledger, and if so, could that ratification affect the defendant Company? We think this question, also, must receive a negative answer. Assuming, without holding, that such election to sue would in any case be a sufficient ratification, in the present case Chappell did not purport to act for Johnson, nor assume to have authority to do so. To cause an unauthorized act to be validated by subsequent ratification, it must appear to have been done in the name of, or for the benefit of, a principal. That a ratification is effectual only when the act is done by one professedly acting as the agent of the party claiming to have been the principal, is held in Mitchell v. Fire Assn., 48 Minn., 278. See also Joyce on Ins., *18 Sec. 463; Huffcut on Agency, 30; Mechem on Agency, Sec. 127, and authorities cited; and Wharton on Agency, Sec. 62.
Another consideration deserves attention. At the time the claimed ratification took place the rights and liabilities of the parties had, by the terms of the contracts themselves, become fixed, and whether, in any case, intervening rights of third persons could be injuriously affected by subsequent ratification, it is not too much to say that to have that effect the intent to ratify, and the sufficiency of the ratification, should be clearly shown. Ordinarily the ratification relates back to the time of the act ratified, but in Pollock v. Cohen, 32 Ohio St., 514, it is held that: “Where, however, intervening rights have been acquired by a third party, such intervening rights cannot be injuriously affected by the ratification,” citing Wharton, Secs. 77, 78; Paley’s Agency, 345; Taylor v. Robinson, 14 Cal., 396; Wood v. McCain, 7 Ala., 800; Fiske v. Holmes, 41 Me., 441; Parmelee v. Simpson, 72 U. S. (5 Wall.), 81. Whether the principle announced in Pollock v. Cohen, supra, is or not controlling under the circumstances of this case, we are satisfied that, upon all the facts, the plea of ratification cannot avail the plaintiff in error.
Our conclusion is that the Hartford company’s notice to Chappell of its desire to cancel the policy was not notice to Johnson, and inasmuch as the company had not availed itself of its right to cancel by proper notice to the insured, the policy remained in force at the time of the fire. This contention being determined against the plaintiff we see no escape from the conclusion that the Hartford policy constituted other insurance on the property within the meaning of the clause in respect to that matter in the policy *19 in suit, and that the existence of a contract of other insurance without complying with the provisions of the policy of the defendant Company rendered its policy void at its election, and that, having elected, on first being informed of the facts, to treat the contract as void, the Company cannot be held. Insurance Co. v. Railroad Co., 28 Ohio St., 69; Sun Fire Office v. Clark, 53 Ohio St., 414.

Judgment affirmed.

Burket, Davis and Shauck, JJ., concur.